# NO. 12-09-00112-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NORMAN KYLE TERRY,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Norman Terry appeals his conviction for leaving the scene of an accident involving personal injury or death,[1] for which he was sentenced to imprisonment for eighteen years. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Thereafter, Appellant filed a pro se brief. We dismiss the appeal.

## BACKGROUND

Appellant was charged by indictment with violating Texas Transportation Code, section 550.021. Specifically, the indictment alleged, in pertinent part, as follows:

> [Appellant] … intentionally or knowingly [drove] a vehicle that became involved in an accident resulting in bodily injury to Betty Hudson and Donnie Mullens, and … [Appellant] did thereafter, knowing said accident had occurred, intentionally or knowingly leave the scene of said accident without giving his name, address, registration number of the vehicle [he] was driving, or the name of his motor vehicle liability insurer to any person, and without rendering reasonable assistance to Betty Hudson and Donnie Mullens when it was then apparent that Betty Hudson and Donnie Mullens were in need of medical treatment.
>
> ….
>
> [Appellant] intentionally or knowingly [drove] a vehicle that became involved in an accident resulting in bodily injury to Betty Hudson and Donnie Mullens, and … [Appellant] did thereafter, knowing said accident had occurred, intentionally or knowingly fail to give his name and address and registration number of the vehicle [he] was driving and the name of [his] motor vehicle liability insurer to Betty Hudson, who was the driver of the vehicle collided with[.]

---

[1] *See* TEX. TRANSP. CODE ANN. § 550.021 (Vernon Supp. 2009).

Appellant pleaded "guilty" as charged. He further pleaded "true" to the allegations in the indictment that (1) he used or exhibited a deadly weapon during the commission of or immediate flight from the offense and (2) he had been previously convicted of the felony offense of burglary. The court accepted Appellant's plea and sentenced him to imprisonment for eighteen years. This appeal followed.

## ANALYSIS PURSUANT TO ANDERS V. CALIFORNIA

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's *Anders* brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.

Thereafter, Appellant filed a pro se brief in which he raised the following issues: (1) Appellant's conviction violated his right to due process because his open plea of guilty was unlawfully obtained; (2) the evidence was legally and factually insufficient to support the trial court's deadly weapon finding; and (3) Appellant received ineffective assistance of counsel.[2] We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and having found no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted*.

Opinion delivered March 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[2] We have construed Appellant's statement of issues liberally in the interest of justice.

2